**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **ANGELA CURRY McKINLEY** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:22cv00296-JDK** |
| | § | |
| **COMMISSIONER, SOCIAL** | § | |
| **SECURITY ADMINISTRATION** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Angela Curry McKinley initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying an application for Social Security benefits. Before the Court is Plaintiff's Motion for Award of Attorney Fees Under the Equal Access to Justice Act (ECF 21). The Commissioner filed a response (ECF 23) in agreement with the requested award of EAJA fees. The Court referred the motion for proposed findings of fact and recommendations for disposition (ECF 22). For the reasons below, the motion should be **GRANTED**.

### Background

The Court entered an Order on February 27, 2023 granting an unopposed motion to remand, reversing the Commissioner's final administrative decision and remanding the matter to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Plaintiff then filed the present Motion for Award of Attorney Fees seeking an EAJA award of $6,275.08 in fees. The Commissioner's response states that the Commissioner does not oppose an award of fees in the amount of $6,275.08.

**Discussion**

The "dual purpose" of the EAJA is "to ensure adequate representation for those who need it and to minimize the cost of this representation to taxpayers." *Baker v. Bowen*, 839 F.2d 1075 (5th Cir. 1988), *reh'g denied*, 848 F.2d 66 (5th Cir. 1988). Eligibility for a fee award under the EAJA requires, at a minimum, that the claimant be a "prevailing party," that the Commissioner's position was not "substantially justified," that no "special circumstances make an award unjust," and that any fee application be submitted to the court within 30 days of final judgment and be supported by an itemized statement. *Commissioner INS v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 2319, 110 L.Ed.2d 134 (1990); 28 U.S.C. § 2412(d)(1). A "final judgment" is a judgment that is final and not appealable. 28 U.S.C. § 2412(d)(2)(G). With regard to the amount of fees, 28 U.S.C. § 2412(d)(2)(A) states:

> (A) "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

A remand accomplished pursuant to the fourth sentence of 42 U.S.C. § 405(g) renders the claimant a prevailing party regardless of whether the claimant is successful in obtaining benefits on remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-01, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). The Commissioner has the burden of proving that his position was "substantially justified" and he has not done so here. *Herron v. Bowen*, 788 F.2d 1127, 1130 (5th Cir. 1986) (per curiam); *see also Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003). In addition, the Commissioner has not alleged or shown special circumstances that would render an award unjust.

The hourly attorney rate sought by Plaintiff exceeds $125.00 per hour, requiring a finding that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff asserts that an increase in the hourly rate is justified in this case due to increases in the cost of living as reflected by the Consumer Price Index. Plaintiff requests an hourly rate of $224.11 for a total of 28 hours of attorney work performed in this matter. The requested rate is reasonable.

Pursuant to 28 U.S.C. § 2412(d)(2)(A), a prevailing plaintiff is only entitled to "reasonable attorney fees." Here, the parties agree that $6,275.08 in attorney's fees for 28 hours of attorney work represents an appropriate award pursuant to the EAJA.

## Conclusion

In the interest of ensuring adequate representation for those who need it and to minimize the cost of that representation to taxpayers, the Court concludes that the motion should be granted. Plaintiff should be awarded the requested $6,275.08 in attorney fees. Plaintiff did not request any amount for expenses. Attorney fees under the EAJA are properly payable to the party-litigant, not directly to the attorney. *See Astrue v. Ratliff*, 530 U.S. 586, 130 S.Ct. 2521, 2524, 177 L.Ed.2d 91 (2010). In part, that is to make fee payments subject to a government offset to satisfy any pre-existing debt that the litigant may owe the United States. *Ratliff*, 130 S.Ct. at 2524. Therefore, Plaintiff, not her attorney, should be paid the sum of $6,275.08 in connection with this case. Plaintiff's payment of fees owed to her attorney is a matter of the retainer agreement between them.

## RECOMMENDATION

It is **RECOMMENDED** that the Motion for Award of Attorney Fees Under the Equal Access to Justice Act (ECF 21) be **GRANTED** and that the Commissioner pay Plaintiff for fees

incurred totaling **$6,275.08** pursuant to the EAJA, 28 U.S.C. § 2412(d).  The payment should be made to Plaintiff, but mailed to Plaintiff's counsel of record.  The awarded fees consist only of attorney fees.

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court.  *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 15th day of May, 2023.


K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

4